UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TAMIKO J. DAVIS,

    Plaintiff,

vs.                                                 Case No. 3:09-cv-818-J-MCR

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Defendant's Motion to Remand (Doc. 24) filed February 22, 2010. Plaintiff filed an opposition to this Motion on March 3, 2010 (Doc. 25). Accordingly, the matter is now ripe for judicial review.

Defendant asks the Court to remand the case because it "is unable to locate a part of the claimant's file and needs more time to complete the transcript." (Doc. 24, p.2). Plaintiff opposes this Motion noting her concern that the Commissioner does not propose any sort of time limit for the further administrative action. (Doc. 25). Additionally, Plaintiff argues the Commissioner failed to consider "evidence that was submitted and confirmed as being received" and this fact is a basis for a sentence four remand. Id. Plaintiff asks the Court to provide Defendant with an additional 60 days to either file a completed transcript of proceedings or file a motion to remand pursuant o sentence four. Id.

-1-

When a plaintiff brings an action in federal court to appeal a final decision of the Social Security Administration, the Commissioner is required to file as part of his answer to the complaint, "a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based." 42 U.S.C. § 405(g). Pursuant to sentence six of 42 U.S.C. §405(g) and 42 U.S.C. §1383(c)(3), the Court "may remand the case without ruling on the merits if (1) the Secretary requests remand, for good cause, prior to filing her answer; or (2) new and material evidence is produced, and there is good cause for failing to incorporate such evidence in the earlier proceeding." Ross v. Apfel, 999 F. Supp. 1449, 1450 (D. Kan. 1998) (citing 42 U.S.C. § 405(g) and Melkonyan v. Sullivan, 501 U.S. 89, 100 n.2, 111 S.Ct. 2157 (1991)). Several courts have noted that these restrictions on sentence six remands were the result of a 1980 amendment to the Act, which "'was at least in part designed to limit federal court remands to the Secretary.'" Raitport v. Callahan, 183 F.3d 101, 104 (2nd Cir. 1999) (quoting Carter v. Schweiker, 649 F.2d 937, 942 (2nd Cir. 1981) and further citing Melkonyan, 501 U.S. at 101, 111 S.Ct. at 2165 ("It is evident from [the legislative history of the amendment] that Congress believed courts were often remanding Social Security cases without good reason.")).

Here, Defendant is not claiming any new and material evidence exists. Instead, Defendant claims good cause exists in that the Commissioner needs additional time to locate parts of the file. Defendant acknowledges that it filed an answer prior to filing the motion for remand, however, Defendant attempts to cure this deficiency by moving to withdraw its answer. Unfortunately, Defendant has pointed to no authority suggesting

such a course of action is sufficient. The statute is clear that there are only two avenues for the Commissioner to obtain a sentence six remand. Either the Commissioner must request prior to filing the answer (and show good cause) or must demonstrate that new and material evidence was produced and there was good cause for failing to incorporate the evidence earlier. As the answer preceded the motion to remand, the only avenue left for the Commissioner is the second. As there is no argument that new and material evidence exists for which there was good cause for its failure to be incorporated, a sentence six remand is not available. See Finch v. Apfel, 993 F.Supp. 712, 714 (E.D. Mo. 1998) (noting sentence six remand "obviously inappropriate" as Commissioner filed answer and did not proffer any "new, material evidence")

The Court notes that Defendant has already been provided two extensions of time in order to ensure a complete record was filed. The Court will permit one last extension of time until **March 31, 2010** for Defendant to either file the complete record or file a motion seeking a sentence four remand.

Accordingly, after due consideration, it is

**ORDERED**:

1. Defendant's Motion to Remand (Doc. 24) is **DENIED**.

2. As the attachments to Plaintiff's Response contain information which should be redacted (namely, the Plaintiff's social security number), the Clerk is directed to strike the attachment to Plaintiff's Response (Doc. 25). If Plaintiff feels it is necessary to re-file the documents (redacting any inappropriate information), she may do so.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  4th  day of March, 2010.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record