UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TAMIKO J. DAVIS,

          Plaintiff,

vs.                                  Case No. 3:09-cv-818-J-25MCR

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.
_____/

# **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Petition for Attorney Fees (Doc. 31) filed June 23, 2010. This Petition follows the entry of a Judgment reversing and remanding the decision of the ALJ with respect to Plaintiff's claim for benefits. (Doc. 30). On July 9, 2010, Defendant filed its response in opposition to Plaintiff's Petition. (Doc. 35). Accordingly, this matter is now ripe for judicial determination.

**A. Eligibility for Award of Fees**

Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, a party may recover an award of attorney's fees against the government provided the party meets five requirements: (1) the party seeking the award is the prevailing party; (2) the application for such fees, including an itemized justification for the amount sought, is timely filed; (3) the claimant has a net worth of less than $2 million at the time the Complaint was filed; (4) the position of the government was not substantially justified;

and (5) there are no special circumstances which would make an award unjust.  See 28 U.S.C. § 2412(d)(1) and (2).

1. Prevailing Party

The Judgment in this case (Doc. 30), filed on March 29, 2010, reversed the final decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and remanded the case for further consideration.  The Supreme Court has made clear that a plaintiff obtaining a sentence-four remand is a prevailing party.  Shalala v. Schaefer, 509 U.S. 292, 300-02, 113 S.Ct. 2625, 2631-32 (1993).  Accordingly, Plaintiff is the prevailing party in this case.

2. Timely Application

A plaintiff must file an application for fees and other expenses within thirty days of the "final judgment in the action."  28 U.S.C. § 2412(d)(1)(B).  "Final Judgment" is defined as a judgment that "is final and not appealable."  28 U.S.C. § 2412(d)(2)(G).  Because the Commissioner normally has sixty days in which to appeal, a judgment typically becomes final after sixty days.  Fed. R. App. P. 4(a)(1)(B).  The plaintiff then has thirty days in which to file his or her application so that an application is timely filed if done so prior to ninety days after the judgment is entered.  See Shalala, 509 U.S. at 297-98, 113 S.Ct. at 2629; Jackson v. Chater, 99 F.3d 1086, 1095 n. 4 (11th Cir. 1996).  Here, the Judgment was entered on March 29, 2010, and the Petition was filed on June 23, 2010.  Accordingly, the Petition was timely filed.

### 3. Claimant's Net Worth

Plaintiff's counsel represents Plaintiff's net worth was not in excess of $2 million at the time the Complaint was filed. (Doc. 31, p. 1, ¶ 5). Thus, Plaintiff is not excluded from eligibility for an award under 28 U.S.C. § 2412 by any of the exclusions set forth in the Act.

### 4. Government's Position Not Substantially Justified

The burden of proving substantial justification is on the Commissioner, who must demonstrate the substantial justification of his position as a whole. See United States v. Jones, 125 F.3d 1418, 1420, 1427-31 (11th Cir. 1997). Therefore, unless the Commissioner comes forth and satisfies his burden, the government's position will be deemed not substantially justified (Doc. 35, p. 3). In this case, the Commissioner did not dispute the issue of substantial justification, and accordingly, the Court finds his position was not substantially justified.

### 5. No Special Circumstances

The Court finds no special circumstances indicating an award of fees would be unjust.

## B. Amount of Fees

Having determined Plaintiff is eligible for an award of fees under EAJA, the Court now turns to the reasonableness of the amount of fees sought. Plaintiff requests an award of $3,116.95 in attorney's fees, representing 18.3 hours at hourly rates of $172.24 for work performed in 2009 and $173.96 for work performed in 2010. (Doc. 31, p. 1).

The amount of attorney's fees to be awarded "shall be based upon the prevailing market rates for the kind and quality of the service furnished," except that attorney's fees shall not exceed $125 per hour <u>unless</u> the Court determines an increase in the cost of living or a "special factor" justifies a higher fee award. 28 U.S.C. §2412(d)(2)(A). The Court accepts Plaintiff's contention that a statutory cost of living adjustment is appropriate in the hourly rate. The Commissioner does not oppose Plaintiff's proposed hourly rates of $172.24 for work performed in 2009 and $173.96 for work performed in 2010. (Doc. 35, p. 3). Accordingly, the Court will adopt these rates.

Plaintiff seeks an award based on a total of 18.3 hours of attorney time for the three attorneys working on this case. The Commissioner objects to the total number of hours requested. The Commissioner notes that three experienced attorneys were handling this case and, given their level of expertise, this routine disability case was handled inefficiently. (Doc. 35, p. 4). Specifically, the Commissioner contends it was unreasonable for Chantal Harrington "to ask for the 3.2 hours to begin drafting a brief when she was made aware of missing evidence a month earlier." (<u>Id.</u> at p. 5). Additionally, both Ms. Harrington and Allison White Forsyth billed for reviewing the same order granting Motion to Remand. (<u>Id.</u>).

The Court has reviewed the time sheets provided and notes that there is some duplication. Indeed on March 25, 2010, both Ms. Harrington and Ms. Forsyth billed for reviewing the same order. <u>See</u> (Doc. 31, p. 1; Doc. 34-1). The Court will not permit this duplication and therefore, will deduct .3 hours from Ms. Forsyth's time sheet to address this duplication. As for Defendant's contention that it is unreasonable for Ms. Harrington

to begin drafting a brief when she became aware of missing evidence one month earlier, the Court does not agree. Ms. Harrington's time sheet reflects 3.2 hours spent on November 29-30, 2009, preparing the fact and analysis portions of the brief. (Doc. 31, p. 3). Although this is not the most time efficient strategy, the Court does not find it unreasonable that Ms. Harrington spent a small portion of time working on these sections of the brief prior to obtaining the missing evidence.

After making the necessary deductions, the Court believes 18 hours of attorney time is reasonable in this case. Therefore, the Court finds $3,064.76 is a reasonable fee in this case.[1]

**C. Payment of Fees Directly to Counsel**

Plaintiff requests that the attorney's fees be paid directly to Plaintiff's counsel. In Astrue v. Ratliff, the Supreme Court recently held that an award of EAJA fees belongs to the plaintiff, not the plaintiff's attorney, and is therefore subject to an offset to satisfy any pre-existing debt owed by Plaintiff to the Government. 2010 U.S. LEXIS 4763, 2010 WL 2346547 (U.S. June 14, 2010). The Court found that the Commissioner's past practice of paying EAJA fees directly to attorneys did not alter the conclusion that EAJA fees are payable to litigants and are thus subject to offset where a litigant has an outstanding federal debt. Id. at *7. The Ratliff Court implicitly approved the Commissioner's current practice of issuing payments directly to a plaintiff's attorney only in cases where the plaintiff does not owe a debt to the Government and assigns the

---

[1] The awarded fee may not exceed twenty-five percent of the claimant's past due benefits. 42 U.S.C. §406(b)(1). There is no contention here that the claimed fee would exceed that amount.

-5-

right to such fees to the attorney.  Id.  While Plaintiff's counsel presented a document executed by Plaintiff that purports to assign future EAJA fees, nothing in the record supports a determination that Plaintiff does not owe a debt to the Government. Therefore, the attorney's fees awarded under the EAJA shall be payable directly to Plaintiff.

Accordingly, after due consideration, it is

**ORDERED:**

1.    Plaintiff's Petition for Attorney Fees (Doc. 31) is **GRANTED in part.**

2.    The Clerk shall enter judgment in favor of Plaintiff and against Defendant in the amount of $3,064.76, which shall be made payable to Plaintiff.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  20th  day of July, 2010.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party